UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHATAVIS CAMPBELL,

    Plaintiff,

v.

                                     CASE NO. 8:26-cv-00955-SDM-CPT

CITY OF TAMPA et al,

    Defendants,

_____/

**ORDER**

In this removed action arising from her collision with a police vehicle, Shatavis Campbell sues (Doc. 1-2) the City of Tampa, Officer Alexander Munson, and Officer John Villotti and moves (Doc. 8) to remand. The defendants respond (Doc. 11) in opposition.

On February 6, 2026, the plaintiff filed in state court an initial complaint alleging the following claims:

        Common law negligence as to the City of Tampa

        Common law malicious prosecution as to Munson and Villotti

        Malicious Prosecution under 42 U.S.C. § 1983, as to Munson and Vilotti

        Municipal Liability under 42 U.S.C. § 1983 as to the City of Tampa

(Doc. 1-5 at 11–14) This initial complaint was never served on the City of Tampa amended seven days later on February 13, 2026. The amended complaint alleged the following claims, which include no federal claim against the City of Tampa:

> Common law negligence as to the City of Tampa
>
> Negligent training and supervision under Section 768.28, Florida Statutes, as to the City of Tampa
>
> Seizure without probable cause under 42 U.S.C. § 1983 as to Munson and Villotti
>
> Malicious prosecution under 42 U.S.C. § 1983 as to Munson and Villotti

(Doc. 1-5 at 65–69) The City of Tampa had no basis to remove the amended complaint.

On March 23, 2026, the plaintiff amended the complaint again and alleged the following claims:

> Common law negligence as to the City of Tampa
>
> Negligent training and supervision under Section 768.28, Florida Statutes, as to the City of Tampa
>
> Seizure without probable cause under 42 U.S.C. § 1983 as to Munson and Villotti
>
> Malicious prosecution under 42 U.S.C. § 1983 as to Munson and Villotti
>
> Municipal Liability under 42 U.S.C. § 1983 as to the City of Tampa
>
> A second claim of municipal liability under 42 U.S.C. § 1983 not asserted in either preceding complaint against the City of Tampa

- 2 -

Because the second amended complaint alleges a federal claim against the City of Tampa and offering the City of Tampa a basis for removal and because the defendants unanimously removed (Doc. 1) ten days later, on April 2, 2026, the motion to remand is **DENIED**.[1]

**ORDERED** in Tampa, Florida, on May 26, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] The City of Tampa never allowed thirty days to expire after service with a federal claim, unless that claim was withdrawn by amendment, leaving the City of Tampa no basis for removal.

- 3 -