UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHATAVIS CAMPBELL,

    Plaintiff,

v.

                        CASE NO. 8:26-cv-00955-SDM-CPT

CITY OF TAMPA et al.,

    Defendants,

_____/

**<u>ORDER</u>**

In this removed action arising from her collision with a police vehicle, Shatavis Campbell sues (Doc. 1-2) the City of Tampa (the city) and Officers Alexander Munson and John Villotti (the officers). After an earlier order (Doc. 12) denied the plaintiff's motion (Doc. 8) to remand, the plaintiff moves (Doc. 13) for reconsideration, and the defendants respond (Doc. 14) in opposition.

On February 6, 2026, the plaintiff filed in state court an initial complaint alleging:

> Common-law negligence against the city
>
> Common-law malicious prosecution against the officers
>
> Malicious prosecution under 42 U.S.C. § 1983 against the officers
>
> Municipal liability under 42 U.S.C. § 1983 against the city

(Doc. 1-5 at 11–14) The plaintiff never served the initial complaint. Seven days later, on February 13, 2026, the plaintiff amended the complaint, alleging the following claims, which include no federal claim against the city:

> Common-law negligence against the city
>
> Negligent training and supervision under Section 768.28, Florida Statutes, against the city
>
> Seizure without probable cause under 42 U.S.C. § 1983 against the officers
>
> Malicious prosecution under 42 U.S.C. § 1983 against the officers

(Doc. 1-5 at 65–69)

On March 23, 2026, after the defendants moved to dismiss the first amended complaint, the plaintiff amended the complaint a second time, alleging:

> Common-law negligence against the city
>
> Negligent training and supervision under Section 768.28, Florida Statutes, against the city
>
> Seizure without probable cause under 42 U.S.C. § 1983 against the officers
>
> Malicious prosecution under 42 U.S.C. § 1983 against the officers
>
> Municipal liability under 42 U.S.C. § 1983 against the city
>
> A second municipal-liability claim under 42 U.S.C. § 1983 against the city, asserted in neither preceding complaint

Because the second amended complaint was the first complaint served on the city that alleged a federal claim against the city and because the defendants jointly removed on April 2, 2026, within thirty days after service of the second amended complaint, the earlier order denied the motion to remand.

In her motion for reconsideration, the plaintiff argues that the first, and not the second, amended complaint should determine the timeliness of removal because 28 U.S.C. § 1441(a) authorizes removal of "any civil action" over which the district court would possess original jurisdiction, regardless of whether the complaint asserts a federal claim against each defendant. Specifically, the plaintiff asserts (1) that the state-law claims against the city in the first amended complaint share a common nucleus of operative fact with the federal claims against the officers; (2) that the court accordingly could exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367; (3) that the civil action as a whole therefore became removable upon service of the first amended complaint; (4) that the thirty-day removal period under 28 U.S.C. § 1446(b)(1) commenced upon service of the first amended complaint on February 13, 2026, and expired on March 16, 2026; and (5) that the city's failure to remove on or before that date renders the April 2, 2026 removal untimely.

Even if the city could have removed the first amended complaint, the second amended complaint — which "sets forth a new basis of federal jurisdiction," namely, federal-question jurisdiction over the two newly asserted

- 3 -

section 1983 claims against the city[1] — renders the action "again removable" and "start[s] the time for removal anew." *Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395, 397 (S.D. Fla. 1992) (distinguishing the addition of a new defendant, which does not restart the removal period, from the assertion of "a new basis of federal jurisdiction," which does). *See also Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) ("The courts . . . have read into [28 U.S.C. § 1446(b)] an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'") (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886), and citing 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3732, at 727–29 (1976)). Because the defendants timely removed the second amended complaint — which, by asserting two Section 1983 claims against the city not asserted in any earlier served complaint, constituted "substantially a new suit begun that day" — the city's failure to remove within thirty days of the first amended complaint is immaterial.

The motion (Doc. 13) for reconsideration is **DENIED.**

**ORDERED** in Tampa, Florida, on June 29, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] As opposed to supplemental jurisdiction over the state-law claims asserted against the city in the first amended complaint.

- 4 -